UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL ELLIS,

          Plaintiff,                        Case No. 11-cv-13611

vs.

                                             PAUL D. BORMAN
                                             UNITED STATES DISTRICT JUDGE

CHECKER SEDAN CO.,                MICHAEL HLUCHANIUK
                                             UNITED STATES MAGISTRATE JUDGE

          Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO ENFORCE
SETTLEMENT AGREEMENT (Dkt. No. 25)**

This case arises out of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiff Darnell Ellis filed the Complaint in this matter on August 18, 2011, against Defendant Checker Sedan Co. (Dkt. No. 1.) Plaintiff alleges that he is entitled to unpaid overtime, as well as interest, penalties, and attorneys fees. Plaintiff sought conditional class certification under the FLSA for 13 additional employees, who are allegedly similarly situated. (Compl. ¶ 3.)

On June 12, 2012, the Magistrate Judge issued an order denying Plaintiff's Motion for Conditional Collective Action Certification. (Dkt. No. 24.) Plaintiff did not file any objections to this order within 14 days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Plaintiff thus "may not assign as error a defect in the order[.]" Fed. R. Civ. P. 72(a).

On June 21, 2012, Defendant filed the instant Motion to Enforce Settlement Agreement. (Dkt. No. 25.) Plaintiff filed a Response on July 12, 2012. (Dkt. No. 27.) Defendant filed a Reply

1

on July 26, 2012. (Dkt. No. 29.) The Court held a hearing on September 25, 2012.

For the reasons stated below, the Court will DENY Defendant's Motion to Enforce Settlement Agreement.

## I. BACKGROUND

While Plaintiff's Motion for Conditional Collective Action Certification was pending before the Court, the parties allegedly reached a full and complete settlement of all Plaintiff's claims and the claims for the additional 13 proposed plaintiffs. Defendant agreed to pay $13,000 total as full settlement of all of the claims. The agreement drafted by counsel for both sides provided that the settlement amount would be allocated so that each driver would receive $539.37, and Plaintiff's counsel, attorney Kenneth Hardin, would receive $5,448.82. (Def.'s Mot., Ex. 4, Settlement Agreement at 1-2.) Plaintiff's counsel would thus receive approximately 42 percent of the overall settlement amount under the agreement.

On June 15, 2012, Plaintiff's counsel stated "that he was hopeful to have all fourteen (14) signatures that day." (Def.'s Mot. ¶ 8.) On June 19, 2012, Plaintiff's counsel informed Defendant that Plaintiff Ellis and two of the other employees had "changed their minds" about the settlement and were refusing to sign the agreement. (Def.'s Mot. ¶ 9.)

In his Response to Defendant's Motion, counsel for Plaintiff admitted that "[t]he settlement is enforceable because it is undisputed that there was a 'meeting of the minds' on all material terms of the settlement." (Def.'s Mot. ¶ 10; Pl.'s Resp. ¶ 1.) However, at the September 25, 2012 hearing on this matter, Plaintiff Ellis stated on the record that he never agreed to the $13,000 settlement amount. In addition, three of the proposed plaintiffs, John T. Ellis, Cornell Cherry, and Jesse Purnell, also appeared at the hearing and stated they did not agree to the settlement amount.

2

At the hearing, Defendant asserted that it was not willing to honor the settlement agreement if Plaintiff and the 13 proposed plaintiffs did not all agree to it. Also at the hearing, Plaintiff's counsel conceded that Plaintiff's claim was outside of the two-year statute of limitations under the FLSA, and that he therefore had to prove that Defendant acted willfully. *See* 29 U.S.C. § 255(a) (providing that an action for unpaid wages "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued . . . ."). Plaintiff's counsel further conceded that, because the Magistrate Judge denied the Motion for Conditional Certification, and no objections were filed, the proposed plaintiffs' claims were likely more than three years old, and thus barred by the statute of limitations.

Plaintiff's counsel agreed to meet with Plaintiff, and the three proposed plaintiffs who were present at the hearing, and explain the statute of limitations issue. The Court adjourned the hearing for approximately 15 minutes while Plaintiff's counsel met with Plaintiff, Mr. Ellis, Mr. Cherry, and Mr. Purnell. When the hearing resumed, Mr. Ellis, Mr. Cherry, and Mr. Purnell agreed to accept the settlement amount after Plaintiff's counsel agreed to reduce his fee so that each individual would receive an even $700. However, Plaintiff continued to refuse. The Court informed Plaintiff that if he refused to accept the settlement amount, the 13 proposed plaintiffs would not be able to join the case, and that their claims against Defendant were possibly barred by the FLSA's statute of limitations. Plaintiff acknowledged these facts and maintained that he did not want to accept Defendant's settlement amount.

## II. ANALYSIS

"Before enforcing a settlement, a district court must conclude that agreement has been

reached on all material terms." *RE/MAX Intern., Inc. v. Realty One, Inc.*, 271 F.3d 633, 645-46 (6th Cir. 2001). Where the material facts of a settlement agreement are disputed, the Court is required to hold an evidentiary hearing. *Id.* at 646. "However, no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present." *Id.*

The statements by Plaintiff Darnell Ellis at the hearing on this matter reflected that agreement had not been reached on all material terms of the settlement agreement. Nevertheless, Defendant relies on *Capital Dredge and Dock Corp. v. City of Detroit*, 800 F.2d 525 (6th Cir. 1986), which noted that "[g]enerally, when a client hires an attorney and holds him out as counsel representing him in a matter, the client clothes the attorney with apparent authority to settle claims connected with the matter." *Id.* at 530. However, the *Capital Dredge* case involved an attorney hired by a sophisticated corporation, who "was employed to represent Capital Dredge regarding certain claims arising from [the events at issue]." *Id.* at 531. The instant case, by contrast, involves an individual, unsophisticated Plaintiff who did nothing more than sign a retainer agreement with Attorney Kenneth Hardin. *See Rheault v. Lufthansa German Airlines*, 899 F. Supp. 325, 328-29 (E.D. Mich. 1995) (Duggan, J.) (distinguishing *Capital Dredge* and noting that "there are absolutely no facts which would suggest that the plaintiffs did anything, other than retain [attorney Richard] Carolan, that would convey to a third party that they had authorized him to accept a settlement on their behalf, and defense counsel was not justified in believing that Carolan had such authority.").

Furthermore, there is no evidence of a meeting of the minds. The Court notes that in the Response to Defendant's Motion, attorney Hardin did not dispute any of the facts alleged by Defendant, including that there was a meeting of the minds. However, attorney Hardin has not

submitted an affidavit or any other evidence showing that Plaintiff Darnell Ellis ever expressly agreed to the $13,000 settlement offer.

Based on Plaintiff Darnell Ellis's representations at the September 25, 2012 hearing, the Court finds that there was no meeting of the minds as to Defendant's $13,000 settlement offer. Accordingly, Defendant's motion is denied.

### III. CONCLUSION

For the reasons stated above, the Court will **DENY** Defendant's Motion to Enforce Settlement.

**SO ORDERED**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 10-25-12